# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:11cr10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMES W. "BILL" BAILEY, JR. ) | |

**THIS MATTER** is before the Court on the Preliminary Motion to Determine the Existence of Any Interest of the Defendant in the Subject Property and Request for Expedited Hearing [Doc. 60] and the Motion for Expedited Hearing [Doc. 67] filed by Glenn A. Warren, the Glenn A. Warren Individual Retirement Account, and the Glenn A. Warren Real Estate IRA, LLC (collectively "Warren").

Warren moves the Court for an Order determining that the membership interest of Glenn A. Warren Real Estate IRA, LLC and certain real property titled in the name of Glenn A. Warren Real Estate IRA, LLC, are not subject to forfeiture to the United States under the terms of the Consent Order and Judgment of Forfeiture ("Judgment of Forfeiture") entered by the Court on February 16, 2011. Warren further requests an

expedited hearing on this matter so that, if the property is deemed subject to forfeiture, Warren may file a timely notice and claim of superior interest pursuant to 21 U.S.C. § 853(n). [Docs. 60, 67].

Pursuant to the Judgment of Forfeiture, the Government and the Defendant stipulated and agreed, and the Court so found, that the assets listed therein, including the above property claimed by Warren, constitute property derived from or traceable to proceeds of Defendant's crimes. [Doc. 16]. This preliminary finding is sufficient to support a preliminary determination that these assets are subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). If Warren claims a legal interest in these assets that either renders the Judgment of Forfeiture invalid in whole or in part or is superior to that of the Defendant, then Warren can assert that interest by filing the appropriate claim pursuant to 21 U.S.C. § 853(n). If the Court were to adopt Claimant's proposed procedural framework, the Court and the parties would be burdened with two hearings rather than one, as contemplated by § 853. The motion will be denied without prejudice so that if any issue should arise which requires a further preliminary determination of the relative rights of the parties, such issue may be determined at the appropriate time.

Accordingly, Warren's Preliminary Motion to Determine the Existence of Any Interest of the Defendant in the Subject Property and Request for Expedited Hearing [Doc. 60] and Motion for Expedited Hearing [Doc. 67] are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed: March 30, 2011

Martin Reidinger
United States District Judge