# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:11cr10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMES W. "BILL" BAILEY, JR. ) | |

**THIS MATTER** is before the Court on the Motions to Permit Discovery [Docs. 151-163, 169, 175, 184, 188, 201], filed by various claimants in this case.

## I.    PROCEDURAL BACKGROUND

On February 1, 2011, the Defendant James W. "Bill" Bailey, Jr. was charged in a Bill of Information with one count each of securities fraud, mail fraud, and filing false tax returns. [Doc. 1]. The Information contains a notice of forfeiture, in which the Government seeks the criminal forfeiture of all property constituting or derived from proceeds traceable to the commission of the above-referenced offenses. On February 16, 2011, pursuant to the terms of a Plea Agreement, the Defendant pled guilty to all

three counts of the Information, admitted the forfeiture allegations, and agreed to forfeit to the Government all property listed in the Consent Order and Judgment of Forfeiture ("Consent Order"), which was accepted and entered by this Court. [Doc. 16]. As set out in the Consent Order, third-party claimants had thirty days from the receipt of publication of notice or the receipt of notice to petition the Court for a hearing to establish their interests in the property subject to the preliminary order of forfeiture. To date, a number of third-party claims have been filed.

Several of these third-party claimants now move the Court to permit discovery in the pending forfeiture proceedings. [Docs. 151-163, 169, 175, 184, 188, 201].[1] Specifically, these claimants seek the production of financial documents that were seized by the Government following the Defendant's arrest. On April 20, 2011, the Government responded to these motions, stating that it has compiled the financial data seized from the Defendant and would provide it to the third-party claimants for their use in the ancillary proceedings. [Doc. 179]. Two days later, on April 22, 2011, the Government provided to the third-party claimants CDs containing electronic copies of various financial records, including copies of bank

---

[1] The claimants seeking discovery in this matter are all represented by James W. Kilbourne, Jr. and Robert E. Dungan of The Dungan Law Firm, P.A.

2

statements, checks, wire transfers, and other financial transactions that were processed through the Home Trust Bank ("HomeTrust") accounts of the Defendant and his companies.

On May 5, 2011, HomeTrust filed a "Reply" to the Government's Response to the claimants' requests for discovery, raising concerns about the manner in which the confidential customer information contained in these financial records was being disclosed. HomeTrust requests that any order permitting discovery be conditioned on the entry of a protective order sufficient to ensure the continued confidentiality of the financial information contained in these records and that any disclosure of financial information by the Government or a third-party claimant should comply with all relevant financial privacy regulations. [Doc. 192].

In response to HomeTrust concerns, the Government requested that the third-party claimants return the CDs previously provided so that these records could be further redacted and then redistributed. Additionally, with the consent of counsel for HomeTrust and counsel for the discovery-seeking claimants, the Government has drafted a proposed Protective Order regarding the dissemination of this information to the third-party claimants and has submitted such order to the Court for approval.

## II. ANALYSIS

Rule 32.2 of the Federal Rules of Criminal Procedure provides that before conducting a hearing on a third-party petition in an ancillary forfeiture proceeding, "the court may permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues." Fed. R. Crim. P. 32.2(c)(1)(B). In the present case, the third-party claimants who are seeking discovery argue that such discovery is necessary to resolve numerous factual issues, including the Defendant's interest in the property subject to seizure; the superiority of the claimants' interests, if any, in such property; the status of the claimants as bona fide purchasers for value; and the nature of the claimants' funds with regard to the co-mingling theory advanced by the Government. As noted previously, the claimants do not object to the entry of the Protective Order proposed by the Government. [See Doc. 190].

The Court finds that the claimants have shown good cause for permitting discovery in this matter. Accordingly, the Court will allow the parties to engage in discovery in accordance with the Federal Rules of Civil Procedure for a period of sixty (60) days from the entry of this Order. Any

such discovery conducted shall be subject to the terms of a Protective Order, which the Court enters simultaneously herewith, in order to ensure that the financial information disclosed through the discovery process will remain confidential and is disclosed in a manner that complies with all relevant financial privacy regulations. In the event that discovery issues arise which cannot be resolved by the parties or that the parties determine that further protective orders are necessary to protect personally identifiable information, the parties shall promptly bring such matters to the attention of the Court.

## III.  ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that Motions to Permit Discovery [Docs. 151-163, 169, 175, 184, 188, 201] are **GRANTED**, and the parties are permitted to conduct discovery in this matter in accordance with the Federal Rules of Civil Procedure for a period of sixty (60) days from the entry of this Order.

**IT IS SO ORDERED**.

Signed: June 10, 2011

Martin Reidinger
United States District Judge