UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JAMES W. BAILEY, JR.,  )<br>)<br>Defendant.  )<br>_____)<br>PETITION OF JOHN R. RICHARDSON AND )<br>JOHN R. RICHARDSON REAL ESTATE IRA, )<br>LLC.  )<br>) | **CONSENT ORDER FOR<br>THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioners John R. Richardson and John R. Richardson Real Estate IRA, LLC (collectively referred to as "Petitioners"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioners have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters with regard to the following property (the "Subject Property") covered by the Consent Order and Judgment of Forfeiture (Dkt. 16) filed herein:

> The real property at 245 Weaverville Road, Woodfin, North Carolina, more particularly described in Deed Book 4837[1], Page 1295 in the Buncombe County Register of Deeds.

---

[1] Petitioners note that the correct Deed Book Page is 4837 but the Consent Order identifies the Deed Book Page as 4827.

The Government and Petitioners advise the Court that they have engaged in detailed discussions about the Subject Property for the purposes of determining, if the Petition was denied in this action, the prospects of the Government obtaining any equity via a forfeiture action. Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Pursuant to this Consent Order for Third Party Petition, the Subject Property should be dismissed from the Consent Order and Judgment of Forfeiture on the basis that there is not equity in the Subject Property sufficient to merit forfeiture.

2. This proposed Consent Order for Third Party Petition does not constitute a consent to or determination of any legal arguments raised by any party. Instead, the parties agree to this Consent Order solely based on the understanding that, regardless of whether the Government prevails or Petitioners prevail, there is not currently equity in the Subject Property.

3. The Subject Property is encumbered by a Purchase Money Wrap-Around Deed of Trust in a total principal amount of $368,126.86. As of May 16, 2011, the payoff on the loans secured by the Deed of Trust was $361,332.30. The United States Secret Service has obtained a Broker Price Opinion that reflects that, as of February 26, 2011, the Subject Property was valued at between $250,000 and $290,000, depending upon marketing time. Even assuming that the Petition is denied, a final order of forfeiture issues, and the Government sells the Subject Property for $290,000 and does not incur any costs in the sale, based on current market conditions the Subject Property will still only hold *negative* equity of $71,332.30 ($290,000 highest value minus $361,332.30 loan payoff) and will not net any funds for forfeiture. Further, the parties agree that the Subject Property is in need of repair before any sale could be conducted and requires management

for purposes of rentals.

4. The parties waive any rights to further litigate their interests in the Subject Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims by the Government in this action to the Subject Property, all claims by Petitioners in this action to the Subject Property, and all claims resulting from the incidents or circumstances giving rise to the forfeiture of the Subject Property.

5. Petitioners waive their rights to obtain relief via a petition for remission or mitigation of the forfeiture but retain their rights to submit documentation of losses under the Mandatory Victim Restitution Act. Unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

6. The Government agrees to release its lis pendens against the Subject Property.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of John R. Richardson and John R. Richardson Real Estate IRA, LLC (Dkt. 82) and the stipulations of the parties herein that the Subject Property does not hold equity, the Subject Property is hereby removed from the Consent Order and Judgment of Forfeiture.

2. Each party shall bear its own costs, including attorneys fees.

Signed this 10 day of June, 2011.

MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:


ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____  Dated: 6/2/11
Benjamin Bain-Creed
Assistant United States Attorney

_____  Dated: 6/2/11
Petitioner John R. Richardson

_____  Dated: 6/2/11
Petitioner John R. Richardson Real Estate
IRA, LLC

_____  Dated: 6/2/11
Katherine Langley, Esq.
Attorney for Petitioners