FILED
ASHEVILLE, N.C.

JUN 30 2011

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER FOR** |
| v. ) | **THIRD PARTY PETITION** |
| ) | |
| JAMES W. BAILEY, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| PETITION OF MICHAEL H. HINMAN ) | |
| AND LETHA S. HINMAN. ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioners Michael H. Hinman and Letha S. Hinman (collectively referred to as "Petitioners"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioners have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters with regard to the following property (the "Subject Property") covered by the Consent Order and Judgment of Forfeiture (Dkt. 16) filed herein:

> The real property at 30 West Chapel Road, Asheville, North Carolina, more particularly described in Deed Book 4478, Page 287 in the Buncombe County Register of Deeds.

The Government and Petitioners advise the Court that they have engaged in discussions about the Subject Property for the purposes of determining whether Petitioners satisfy 21 U.S.C. § 853(n)(6)(B). Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Pursuant to this Consent Order for Third Party Petition, the Subject Property should be dismissed from the Consent Order and Judgment of Forfeiture on the basis that Petitioners satisfy 21 U.S.C. § 853(n)(6)(B).

2. The parties stipulate and agree to the following facts about transactions involving the Subject Property. Petitioners have provided evidence, including both statements under penalty of perjury and documentary evidence, that Petitioners' obtained title to the Subject Property from Petitioners' IRAs and that Petitioners' IRAs had obtained title to the Subject Property from Michael J. Mehaffey, the Michael J. Mehaffey Real Estate IRA, LLC, and Larry Sutton. Although Michael J. Mehaffey was a client of Southern Financial Services, Petitioners' Petition identifies that the Petitioners never had any contact or dealings with Defendant or Southern Financial Services and that none of the funds that Petitioners used to purchase the Subject Property passed through Southern Financial Services or Defendant's entities. Furthermore, Petitioners present facts that they did not know nor should they reasonably have known of the frauds of Defendant. The Government is not aware of

2

facts contrary to Petitioners' representations, believes that Petitioners are uniquely situated as contrasted to other Petitioners, and stipulates that Petitioners qualify under Section 853(n)(6)(B) as bona fide purchasers for value reasonably without cause to believe that the Subject Property was subject to forfeiture.

3. The Government and Petitioners waive any rights to further litigate with each other about the Subject Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims arising from this forfeiture action between the Government and Petitioners about the Subject Property. The Government agrees that this Consent Order for Third Party Petition does not limit the ability of Petitioners to litigate with individuals and entities other than the Government about the Subject Property. Unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

4. The Government agrees to release its lis pendens against the Subject Property.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of Michael H. Hinman and Letha S. Hinman (Dkt. 168) and the stipulations of the parties herein that Petitioners

satisfy 21 U.S.C. § 853(n)(6)(B), the Subject Property is hereby removed from the Consent Order and Judgment of Forfeiture.

2. Each party shall bear its own costs, including attorneys fees.

Signed this 30 day of June, 2011.

MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

Dated: 6/22/11

Benjamin Bain-Creed
Assistant United States Attorney

Dated: 6/20/11

Petitioner Michael H. Hinman

Dated: 6-20-11

Petitioner Letha S. Hinman

Dated: 6/21/2011

Robert E. Dungan, Esq.
Attorney for Petitioners

Dated: 6/21/11

James W. Kilbourne, Jr., Esq.

4