UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES W. BAILEY, JR., ) <br> Defendant. ) <br> _____ ) <br> PETITION OF KIMBERLY D. ) <br> MARTIN AND KIMBERLY D. ) <br> MARTIN REAL ESTATE IRA, LLC. ) | **CONSENT ORDER FOR THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioners Kimberly D. Martin and Kimberly D. Martin Real Estate IRA, LLC (collectively referred to as "Petitioners"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioners have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters with regard to the following property (the "Subject Property") covered by the Consent Order and Judgment of Forfeiture (Dkt. 16) filed herein:

> Any rights to ownership of or a lease on the real property at Ocean Lakes Campground Lot 5437, Myrtle Beach, South Carolina.

The Government and Petitioners advise the Court that they have engaged in

detailed discussions about the Subject Property for the purposes of determining, if the Petition was denied in this action, the prospects of the Government obtaining any equity via a forfeiture action. Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Pursuant to this Consent Order for Third Party Petition, the Subject Property should be dismissed from the Consent Order and Judgment of Forfeiture on the basis that, if the Petition was denied, the cost to the Government of marketing and attempting to obtain equity from the Subject Property likely would exceed the value of the Subject Property:

2. This proposed Consent Order for Third Party Petition does not constitute a consent to or determination of any legal arguments raised by any party. Instead, the parties agree to this Consent Order solely based on the understanding that, regardless of whether the Government prevails or Petitioners prevail, the Government cannot obtain equity in the Subject Property.

3. The Subject Property is a mobile home on a leased lot at Ocean Lakes Campground. Based on the Government's research and the facts averred by Petitioner (Petition at Page 4), $50,000 was transferred from Southern Financial Services to purchase the mobile home, but questions remain as to whether title was appropriately transferred to Petitioner LLC and as to who holds title to the mobile home. Further,

the mobile home sits on land that is leased. Thus, the only inherent value in the Subject Property appears to be the rents that the property produces, and, due to the nature of the mobile home as a beach-side vacation rental and the fact that the land is leased, obtaining such rents likely would require the Government to incur significant management costs. In addition, the Government and Petitioners' counsel have engaged in frank discussions about whether there is a viable market for a mobile home sitting on leased land under the circumstances of this case and have determined that there is not a market whereby the Government could obtain equity via a sale. Further, the United States Secret Service has evaluated the property and has not found a viable means whereby the Government could obtain equity.

4. The parties waive any rights to further litigate their interests in the Subject Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims by the Government in this action to the Subject Property, all claims by Petitioners in this action to the Subject Property, and all claims resulting from the incidents or circumstances giving rise to the forfeiture of the Subject Property.

5. Petitioners waive their rights to obtain relief via a petition for remission or mitigation of the forfeiture but retain their rights to submit documentation of losses under the Mandatory Victim Restitution Act. Unless specifically directed by an order

3

of the Court, Petitioners shall be excused and relieved from further participation in this action.

6. The Government agrees to release its lis pendens against the Subject Property.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of Kimberly D. Martin and Kimberly D. Martin Real Estate IRA, LLC (Dkt. 97) and the stipulations of the parties herein that the Government does not believe that it can readily obtain equity from the Subject Property, the Subject Property is hereby removed from the Consent Order and Judgment of Forfeiture.

2. Each party shall bear its own costs, including attorneys fees.

Signed this ___ day of __July__, 2011.

_____
MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

4

ON MOTION OF AND
BY CONSENT OF THE PARTIES:


ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____  Dated: 7/8/11
Benjamin Bain-Creed
Assistant United States Attorney


_____  Dated: 7/6/11
Petitioner Kimberly D. Martin


_____  Dated: 7/6/11
Petitioner Kimberly D. Martin Real Estate
IRA, LLC

_____  Dated: 7/6/11
Katherine Langley, Esq.
Attorney for Petitioners

5