UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

FILED
ASHEVILLE, N.C.
AUG 3 2011
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> JAMES W. BAILEY, JR., <br> Defendant. <br><br> PETITION OF SUNTRUST BANKS, INC. | **CONSENT ORDER FOR THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioner SunTrust Banks, Inc., successor in interest to Central Carolina Bank, through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters with regard to the following property (the "Subject Property") covered by the Consent Order and Judgment of Forfeiture (Dkt. 16) filed herein:

> The real property at 24 Old Chunns Cove Road, Asheville, North Carolina, as more particularly described in Deed Book 3719, Page 92 in

the Buncombe County Register of Deeds[1].

The Government and Petitioner advise the Court that they have engaged in discussions about the Subject Property for the purpose of determining whether Petitioner satisfies 21 U.S.C. § 853(n)(6). Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Pursuant to this Consent Order for Third Party Petition, the Subject Property should be dismissed from the Consent Order and Judgment of Forfeiture on the basis that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6).

2. The parties stipulate and agree to the following facts about transactions involving the Subject Property. Petitioner has provided evidence and documentation, including both statements under penalty of perjury, documentary evidence on the record, and documents provided to the Government, that Petitioner has satisfied Section 853(n)(6), is a creditor that has appropriately secured debt on the Subject Property, and was due a payoff amount of $277,905.06 as of July 18, 2011. The Government has obtained an appraisal on the Subject Property that reflects that, as of February 25, 2011, the Subject Property appraised at $240,000.00. Thus, there is little to no prospect of the Government obtaining equity from the Subject Property.

---

[1] Petitioner notes that the correct page number is 792. Since this Consent Order dismisses the Subject Property from the case, the issue of correction of the page number is moot.

3. The parties waive any rights to further litigate their interests in this forfeiture action to the Subject Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims by the Government in this action to the Subject Property, all claims by Petitioner in this action to the Subject Property, and all claims resulting from the incidents or circumstances giving rise to the forfeiture of the Subject Property. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

4. The Government agrees to release its lis pendens against the Subject Property. Petitioner agrees that, although Petitioner is not obliged to initiate foreclosure on the Subject Property, if Petitioner does initiate foreclosure and ultimately obtains funds above and beyond payoff on the loan and reasonable and necessary costs and expenses due and owing to Petitioner under the terms of the loan identified in the Petition, Petitioner will remit such funds to the Government for appropriate proceedings pursuant to law.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of SunTrust Banks, Inc. (Dkt. 71) and the stipulations of the parties herein that Petitioner satisfies one or more

prongs of 21 U.S.C. § 853(n)(6) and the Subject Property likely will not produce sufficient equity to merit forfeiture, the Subject Property is hereby removed from the Consent Order and Judgment of Forfeiture.

2  Each party shall bear its own costs, including attorneys fees.

Signed this _3_ day of _August_, 2011.

_____
MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY
_____  Dated: 7/20/11
Benjamin Bain-Creed
Assistant United States Attorney


_____  Dated: _____
Jason Woodard, Vice President
Officer of Petitioner SunTrust Banks, Inc.


_____  Dated: 7/19/11
Lance P. Martin, Esq., WARD AND SMITH, PA
Attorney for Petitioner

4

prongs of 21 U.S.C. § 853(n)(6) and the Subject Property likely will not produce sufficient equity to merit forfeiture, the Subject Property is hereby removed from the Consent Order and Judgment of Forfeiture.

2   Each party shall bear its own costs, including attorneys fees.

Signed this _____ day of _____, 2011.

_____
MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____     Dated:_____
Benjamin Bain-Creed
Assistant United States Attorney

*/s/ Jason Woodard*     Dated: 7·19·11
_____
Jason Woodard, Vice President
Officer of Petitioner SunTrust Banks, Inc.

_____     Dated:_____
Lance P. Martin, Esq.
Attorney for Petitioner

4