

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

1:11CR10-MKR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **CONSENT ORDER** |
| v. ) | **EXTENDING TIME IN WHICH TO** |
| ) | **CONCLUDE DEPOSITION** |
| JAMES W. BAILEY, JR. ) | |
| ) | |

THIS MATTER is before the Court by consent of the following parties: the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina; Petitioners identified in Document numbers 151-163, 169, 175, 184, 188, and 201, by and through counsel James W. Kilbourne, Jr. and Robert E. Dungan; and Defendant, by and through Ronald K. Payne (identified herein as "the Parties").

The Parties have advised the Court and STIPULATED AND AGREED, and the COURT FINDS AS FOLLOWS:

1. On June 10, 2011, the Court issued an Order (Doc. 230) authorizing discovery in this matter for a period of sixty days from entry of the Order.

2. On July 18, 2011, pursuant to a Notice of Deposition issued by the Dungan Law Firm, the Parties met at the mutually agreed upon time of 9:00 P.M. at the offices of the Dungan Law Firm so that attorneys of the Dungan Law Firm

could depose Defendant. The Deposition of Defendant in these ancillary proceedings had originally been noticed for two days and four separate depositions. In order to accommodate the attorney for the Defendant, the parties agreed to consolidate all of the depositions into a single deposition held on a single day. All parties realized that the nature and extent of the information required would probably exceed a single day of questioning.

4. With the exception of a forty-five minute lunch break and periodic short breaks, direct examination continued until approximately 5:30 P.M. The initial transcript of this examination was nearly 300 pages, exclusive of exhibits. At approximately 5:30 P.M., Mr. Kilbourne noted that he wished to introduce two additional exhibits, that at least one hour might be necessary to conduct direct examination on the exhibits, and that further discussion at a future date about stipulations as to one of the exhibits may result in a more efficient use of time at the deposition. In addition, Mr. Bain-Creed indicated that his preference would also be for Petitioners to conclude direct and the Government to conduct cross-examination at a later date, because cross-examination could last at least one hour if not multiple hours. Mr. Payne did not oppose continuing conclusion of the deposition to a later date but indicated that his calendar during the discovery period

was full. Therefore, the Parties agreed that the Parties would not oppose conclusion of the direct examination, cross examination, and redirect examination at a later date.

3. The Parties have conferred and agreed that the deposition may be concluded on Tuesday, August 23, 2011. The August 23rd date agreed upon by the parties is outside of the sixty day discovery time period, ending on Tuesday, August 9, 2011, provided for by this Court. By signing this Order, the Parties stipulate and agree that the discovery time period may be extended for the sole purpose of concluding direct examination, cross examination, and redirect examination of Defendant on Tuesday, August 23, 2011.

IT IS THEREFORE ORDERED THAT, based upon the stipulation of the Parties, the discovery deadline set forth in this Court's June 10, 2011 Order (Doc. 230) is extended for the sole purpose of concluding the deposition of Defendant on or before August 23, 2011.

Signed this  12  day of  August , 2011.

_____
UNITED STATES _____ JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:


ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____                    Dated: Aug. 10, 2011
Benjamin Bain-Creed
Assistant United States Attorney

_____                    Dated: 8/10/2011
Ronald K. Payne, Esq.
Attorney for Defendant

_____                    Dated: 8/10/2011
Robert E. Dungan, Esq.
Attorney for Petitioners

_____                    Dated: 8/9/2011
James W. Kilbourne, Jr., Esq.
Attorney for Petitioners