FILED
ASHEVILLE, N.C.
AUG 25 2011
U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES W. BAILEY, JR., ) <br> Defendant. ) <br> _____ ) <br> PETITION OF HOMETRUST BANK. ) | **CONSENT ORDER FOR THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and Petitioner HomeTrust Bank, through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following properties identified in the Consent Order and Judgment of Forfeiture (Doc. 16) (all properties collectively referred to as "the Subject Properties"):

    a.    Properties referred to herein as "the real properties" and more particularly identified in the Consent Order and Judgment of Forfeiture as follows:

> The real property at 812 New Leicester Highway, Asheville, North Carolina, more particularly described in Deed Book 3950, Page 305 in the Buncombe County Register of Deeds;

The real property at 820 New Leicester Highway, Asheville, North Carolina, more particularly described in Deed Book 3953, Page 361 in the Buncombe County Register of Deeds;

The real property at 921 Old Leicester Highway, Asheville, North Carolina, as more particularly described in Deed Book 2045, Page 673 in the Buncombe County Register of Deeds;

The real property at International Center Office Building on Oakland Avenue, Pine Street, and North Pine Street, Spartanburg, South Carolina, more particularly described as parcel Number 7120278.00, 71207289.00, 71207290.00 71207299.00 71207299.01, 71207299.02, 71207299.03, 71207299.04, 71207314.00. 71207315.00 and 71211074.01 at Deed Book 90C, Page 225, Deed Book 90C, Page 231, Deed Book 90G, Page 497, and Deed Book 90C, page 231 in the Spartanburg County Register of Deeds; and

The real property at 19 Dodd Lane and Lot B, Narrow Circle, Inman, South Carolina, more particularly described as Parcel Numbers 1-28-04037.00 and 1-28-03004.15 at Deed Book 87A, Page 606 in the Spartanburg County Register of Deeds;

The real property at 0 River Road, Bethel, North Carolina, more particularly described in Deed Book 682, Page 1891 in the Haywood County Register of Deeds; and

The real property at 229 Bowling Park Road, Asheville, North Carolina, more particularly described in Deed Book 4382, Page 154 in the Buncombe County Register of Deeds.

b.  Properties referred to herein as the "Southern Financial furniture, fixtures, and equipment." The properties are preliminarily forfeited by the following language in the Consent Order and Judgment of Forfeiture:

Any and all interest in entities known as Southern Financial Services of

2

North Carolina, Inc., 1031 Exchange Services, and AVL Properties, and any properties, real or personal, held by such entities.

The Government and Petitioner advise the Court that they have engaged in discussions about the Subject Properties for the purpose of determining whether Petitioner satisfies 21 U.S.C. § 853(n)(6). Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has provided evidence and documentation, including both statements under penalty of perjury, documentary evidence on the record, and documents provided to the Government, that Petitioner has satisfied Section 853(n)(6) as to the Subject Properties.

2. Petitioner has provided evidence and documentation that, when contrasted to appraisals, price opinions, and values obtained by the Government, suggest little to no prospect of the Government obtaining equity in this forfeiture action from sales of the Subject Properties.

3. The Government agrees to release its *lis pendens* against the real properties, to, upon request of the Petitioner, promptly turn over to Petitioner any of the Southern Financial furniture, fixtures, and equipment that are not being held for evidentiary purposes, and to, upon conclusion of this case, turn over furniture, fixtures, and equipment that were being held for evidentiary purposes. Petitioner agrees that, if and when Petitioner initiates foreclosure upon or obtains authority to sell the real

3

properties and the Southern Financial furniture, fixtures, and equipment, if Petitioner ultimately obtains funds above and beyond payoff on the loans including principal, contractual (but not default) interest, and all reasonable and necessary costs and expenses secured by Petitioner and due and owing to Petitioner under the terms of the loan on the foreclosed upon property, Petitioner will remit such funds to the Government for appropriate proceedings pursuant to law. The Government agrees that the decision of whether to foreclose upon or otherwise execute against and sell the Subject Properties is within the sole discretion of Petitioner.

4. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Subject Properties and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Subject Properties and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Subject Properties.

5. Petitioner and the Government agree to execute further documents to convey clear title to the real properties and the Southern Financial furniture, fixtures, and equipment to the Petitioner and implement this Consent Order, to the extent such action is necessary. The Government also agrees to join Petitioner in requesting any documents from Defendant necessary to implement this Consent Order and will move

for a modification of the terms of Defendant's conditions of release if the action required of the Defendant is barred by his conditions of release.

6. Petitioner waives its rights to obtain relief via a petition for remission or mitigation of the forfeiture but retains its rights to submit documentation of losses under the Mandatory Victim Restitution Act. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of HomeTrust Bank (Doc. 122) and the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6) and the Subject Properties likely will not produce sufficient equity to merit forfeiture, the Subject Properties are hereby removed from the Consent Order and Judgment of Forfeiture.

2. The Government and Petitioner shall bear their own costs, including attorney fees.

Signed this 24 day of August, 2011.

MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____  Dated: August 19, 2011
Benjamin Bain-Creed
Assistant United States Attorney


_____  Dated: August 18, 2011
Charles I. Abbitt, Jr.
Senior Vice President/Chief Credit Officer
Officer of Petitioner HomeTrust Bank


_____  Dated: 8/18/2011
Kearns Davis, Esq.
Attorney for Petitioner


_____  Dated: 8-18-2011
Wes J. Camden, Esq.
Attorney for Petitioner

6