FILED
ASHEVILLE, N.C.
AUG 25 2011
U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES W. BAILEY, JR., )<br>Defendant. )<br>_____ )<br>PETITION OF HOMETRUST BANK. ) | **CONSENT ORDER FOR<br>THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and Petitioner HomeTrust Bank, through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following properties identified in the Consent Order and Judgment of Forfeiture (Doc. 16) (all properties collectively referred to as "the Subject Properties"):

> The real property at 23 Sequoia Drive, Greenville, South Carolina, more particularly described in Deed Book 2367, Page 5518 in the Greenville County Register of Deeds;

> The real property at 1608 E. North Street, Greenville, South Carolina, more particularly described in Deed Book 2374, Page 4994 in the Greenville County Register of Deeds;

The real property at 409 Morris Street, Greenville, South Carolina, more particularly described in Deed Book 2364, Page 3399 in the Greenville County Register of Deeds;

The real property at 121 Henderson Avenue, Greenville, South Carolina, more particularly described in Deed Book 2366, Page 698 in the Greenville County Register of Deeds;

Lot S-8 as shown on a Plat in Plat Book 5 at Page 881 in the Madison County Register of Deeds, North Carolina; and

The real property at 2896[1] Treadwell Street, Mt. Pleasant, South Carolina, more particularly described in Deed Book 651, Page 45 in the Charleston County Register of Deeds.

The Government and Petitioner advise the Court that they have engaged in discussions about the Subject Properties for the purpose of determining whether Petitioner satisfies 21 U.S.C. § 853(n)(6). Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS**:

1. Petitioner has provided evidence and documentation, including both statements under penalty of perjury, documentary evidence on the record, and

---

[1] The address for this property is listed in various documents as either 2896 or 2983 Treadwell Street, Mt. Pleasant, South Carolina. However, it is clear from the legal descriptions of the properties in the relevant petitions that it is the same property at issue. *See* HomeTrust Petition, Ex. 20 (DE 122); McCartney Petition, Ex. C (DE 110-3).

documents provided to the Government, that Petitioner has satisfied Section 853(n)(6) as to the Subject Properties.

2. If the Court orders a particular Subject Property finally forfeited, Petitioner is owed the following payments upon closing of sale of the particular Subject Property, after the Government has recovered the reasonable and necessary expenses of sale: any secured interest for which Petitioner provides a proper accounting, with the exception that Petitioner agrees that the contractual (and not default) interest rate shall be applied in the event that the Government obtains a final order of forfeiture and sells the Subject Properties.

3. The payment to Petitioner of the amount secured by a particular Subject Property shall be in full settlement and satisfaction of all claims by Petitioner to a particular Subject Property relating to this forfeiture claim brought by the United States and of all claims against the United States resulting from the incidents or circumstances giving rise to this case. Upon payment, Petitioner agrees to assign and convey its security interest to the United States via recordable document. Petitioner agrees not to pursue against the United States any other rights that it may have under the deeds of trust on the Subject Properties, including but not limited to the right to initiate foreclosure. Petitioner agrees to join or consent to any Government motions for interlocutory or stipulated sale of one or more of the Subject Properties within ten

days of Petitioner's receipt of the motions. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Subject Properties to the United States and implement this Consent Order, to the extent such action is necessary.

4. If the Government elects to resolve the outstanding petitions related to the Subject Properties by returning one or more such properties to the appropriate petitioner, or if such petitioner is successful in his or her ancillary hearing and the Consent Order and Judgment of Forfeiture filed herein on February 16, 2011 is modified to recognize his or her interest, Petitioner agrees:

   a. Not to initiate foreclosure against the Subject Property at-issue until the ancillary proceeding for that property is adjudicated; and

   b. Not to initiate foreclosure against the Subject Property at-issue for a period up to and including a day on or before sixty days after the date that the Court adjudicates the ancillary proceeding for that property so as to allow the petitioners an opportunity to bring their obligations under the loans current or to make other arrangements with Petitioner regarding the Subject Property.

5. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Subject Properties and agree that this

Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Subject Properties and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Subject Properties.

6. Petitioner waives its rights to obtain relief via a petition for remission or mitigation of the forfeiture but retains its rights to submit documentation of losses under the Mandatory Victim Restitution Act. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of HomeTrust Bank (Doc. 122) and the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), any party in this action—be that party the Government or another petitioner—that prevails to assert an interest recognized in a final order of forfeiture on a particular Subject Property shall hold such interest subject to any and all secured interest identified herein by the parties.

2. The Government and Petitioner shall bear their own costs, including attorney fees.

Signed this 24 day of August, 2011.

*[signature]*
MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

*[signature]*     Dated: August 19, 2011
Benjamin Bain-Creed
Assistant United States Attorney

*[signature]*     Dated: August 18, 2011
Charles I. Abbitt, Jr.
Senior Vice President/Chief Credit Officer
Officer of Petitioner HomeTrust Bank

*[signature]*     Dated: 8/18/2011
Kearns Davis, Esq.
Attorney for Petitioner

*[signature]*     Dated: 8.18.2011
Wes J. Camden, Esq.
Attorney for Petitioner

6