**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:11cr10**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **JAMES W. "BILL" BAILEY, JR.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Request for Reconsideration of the Preliminary Motion to Determine the Application of the Forfeiture Order to the Subject Property filed by Petitioners Glenn A. Warren, the Glenn A. Warren Individual Retirement Account, and the Glenn A. Warren Real Estate IRA, LLC [Doc. 273].

On March 24, 2011, Petitioners Glenn A. Warren, the Glenn A. Warren Individual Retirement Account, and the Glenn A. Warren Real Estate IRA, LLC (collectively, "Warren") filed a motion seeking a preliminary determination as to whether the membership interest of Glenn A. Warren Real Estate IRA, LLC[1]

---

[1]Subsequent to Warren's motion, the Government moved to amend the preliminary order of forfeiture to remove any membership interest in the LLCs established by Defendant and/or Southern Financial from the scope of the forfeiture order. [Doc. 229]. As such the membership interest in the Glenn A. Warren Real Estate IRA, LLC is not longer an issue in this case.

and certain real property titled in the name of Glenn A. Warren Real Estate IRA, LLC, are subject to forfeiture to the United States under the terms of the Consent Order and Judgment of Forfeiture entered by the Court on February 16, 2011. [Doc. 60]. Warren further moved for an expedited hearing on his motion. [Doc. 67].

On March 30, 2011, the Court denied Warren's motions, noting that the preliminary order of forfeiture [Doc. 16] was sufficient to support a preliminary determination that these assets are properly subject to forfeiture. [Doc. 75]. Such denial was without prejudice, however, "so that if any issue should arise which requires a further preliminary determination of the relative rights of the parties, such issue may be determined at the appropriate time." Id. at 2].

Warren now moves for reconsideration of the Court's March 30, 2011 Order. For grounds, Warren argues that additional evidence provided in discovery establishes that the Government has not established the requisite nexus between the subject property and the Defendant's offenses, and that the Government has failed to proffer any evidence that the Defendant has any interest to forfeit with respect to these properties.

As stated in the Order entered simultaneously herewith granting reconsideration of the Sage Order [Doc. 164], the ancillary claims asserted in

this case have raised serious questions regarding the validity of the preliminary order of forfeiture, and the Court has determined that these questions must be resolved before any of these ancillary claims can be addressed. Accordingly, prior to any ancillary hearing in this matter, the Government shall first be required to put forth evidence establishing the requisite nexus between the Defendant's crimes and the particular property sought to be seized. Only if the Government establishes the requisite nexus will each claimant be required to establish his or her superior legal interest in the subject property.

Accordingly, **IT IS, THEREFORE, ORDERED:**

(1) The Request for Reconsideration of the Preliminary Motion to Determine the Application of the Forfeiture Order to the Subject Property filed by Petitioners Glenn A. Warren, the Glenn A. Warren Individual Retirement Account, and the Glenn A. Warren Real Estate IRA, LLC [Doc. 273] is **GRANTED**;

(2) The Court's March 30, 2011 Order [Doc. 75] is **VACATED**; and

(3) Warren's Motion for Expedited Hearing [Doc. 67] is **GRANTED** to the extent that Warren's Preliminary Motion to Determine the Existence of Any Interest of the Defendant in the Subject Property and Request for

Expedited Hearing [Doc. 60] shall be heard by the Magistrate Judge prior to any hearing on Warren's ancillary claim.

(4)    The Magistrate Judge is respectfully directed to reschedule all of the pending ancillary claims for hearing. Prior to any hearing on an ancillary claim, the Government shall first be required to establish the requisite nexus between the Defendant's crimes and the particular property sought to be seized. Only if the Government establishes the requisite nexus will each claimant then be required to establish his or her superior legal interest in the subject property.

**IT IS SO ORDERED**.

Signed: November 10, 2011

Martin Reidinger
United States District Judge