UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES W. BAILEY, JR., ) <br> Defendant. ) <br> _____ ) <br> PETITION OF HUGH DUNCAN ) <br> DORRIS, JR., MD AND HDD REAL ) <br> ESTATE IRA, LLC. ) | **CONSENT ORDER FOR** <br> **THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioners Hugh Duncan Dorris and HDD Real Estate IRA, LLC (collectively referred to as "Petitioners"), through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioners have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters with regard to any and all assets titled in the name of HDD Real Estate IRA, LLC (the "LLC"), including the real property (the "Subject Property") covered by the Consent Order and Judgment of Forfeiture (Dkt. 16) filed herein:

> The real property known as 5.5 acres, Crabtree Township, Burnsville, North Carolina, more particularly described in Deed Book 587, Page

386 in the Yancy County Register of Deeds (Consent Order ¶ 1-VI-q).

The Government and Petitioners advise the Court that they have engaged in detailed discussions about the Subject Property for the purposes of determining, if the Petition was denied in this action, the prospects of the Government obtaining any equity via a forfeiture action. Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Pursuant to this Consent Order for Third Party Petition, the Subject Property should be dismissed from the Consent Order and Judgment of Forfeiture on the basis that, if the Petition was denied, the cost to the Government of marketing and attempting to obtain equity from the Subject Property likely would exceed the value of the Subject Property, and that any other assets held by the LLC are similarly unmarketable and without value.

2. This proposed Consent Order for Third Party Petition does not constitute a consent to or determination of any legal arguments raised by any party. Instead, the parties agree to this Consent Order solely based on the understanding that, regardless of whether the Government prevails or Petitioners prevail, the Government cannot obtain equity in the Subject Property.

3. The Subject Property is a plot of land, inaccessible via any public road, inaccessible via any paved private roads, and for which a right of way has not been granted. Based on research conducted by Government property specialists

and due to the unique circumstances of the Subject Property, the Government could only obtain, before costs of sale, approximately $10,000 in a sale of the Subject Property. Thus, the Subject Property likely would not net sufficient equity to merit forfeiture.

4. The parties waive any rights to further litigate their interests in the Subject Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between the Government and Petitioners to any and all assets covered by the Consent order and Judgment of Forfeiture , all claims by Petitioners in this action to any and all assets covered by the Consent Order and Judgment of Forfeiture, and all claims resulting from the incidents or circumstances giving rise to the forfeiture of the Subject Property

5. Petitioners waive their rights to obtain relief via a petition for remission or mitigation of the forfeiture but retain their rights to submit documentation of losses under the Mandatory Victim Restitution Act. Unless specifically directed by an order of the Court, Petitioners shall be excused and relieved from further participation in this action.

6. The Government agrees to release its lis pendens against the Subject Property.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of Hugh Duncan Dorris, M.D. and HDD Real Estate IRA, LLC (Dkt. 73) and the stipulations of the parties herein that the Government does not believe that it can readily obtain equity from the Subject Property, any and all assets titled to HDD Real Estate IRA, LLC are hereby removed from the Consent Order and Judgment of Forfeiture.

2. Each party shall bear its own costs, including attorneys fees.

Signed this 6 day of February, 2012.

MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND

BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____  Dated: 2/3/12
Benjamin Bain-Creed
Assistant United States Attorney

_____  Dated: 1/31/12
Petitioner Hugh Duncan Dorris, MD, individually
and on behalf of HDD Real Estate IRA, LLC

_____  Dated: 1/31/12
Katherine Langley, Esq.
Attorney for Petitioners