UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MKR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CONSENT ORDER FOR** |
| ) | **THIRD PARTY PETITION** |
| v. ) | |
| ) | |
| JAMES W. BAILEY, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| PETITION OF MACON BANK. ) | |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioner Macon Bank[1], through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have consented to this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 16) ("the Property"):

---

[1] Although Petitioner did not timely file a petition in this action, Petitioner and the Government have been engaged in discussions since late 2011 and Petitioner has provided the Government with sufficient documentation to justify consent to the relief herein. Therefore, the Government consents to the Court treating the facts set forth in this proposed Consent Order as satisfactory for purposes of the formal petition filing requirements of 21 U.S.C. § 853(n)(3).

The real property at 602 Highlands Mountain Club, Highlands, North Carolina, more particularly described in Deed Book A-33, Page 1328, in the Macon County Register of Deeds.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has provided documentation to the Government that Petitioner has satisfied Section 853(n)(6).

2. If the Court orders the Property finally forfeited, Petitioner is owed the following payments upon closing of sale of the Property, but only to the extent that the net proceeds of sale of the Property, after the Government has recovered the reasonable and necessary expenses of sale, meet or exceed amount owed to Petitioner and to the extent that Petitioner provides a proper accounting: any secured outstanding principal and interest at the contractual (and not default) rate.

3. The payment to Petitioner shall be in full settlement and satisfaction of all claims by Petitioner to the Property, all claims arising from the note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case. Upon payment, Petitioner agrees to

assign and convey its security interest to the United States via recordable document. Petitioner agrees not to pursue against the United States any other rights that it may have under the deed of trust on the Property, including but not limited to the right to initiate foreclosure. Petitioner agrees to join or consent to any Government motion for interlocutory or stipulated sale of the Property within fourteen days of Petitioner's receipt of the motion. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Property to the United States and implement this Consent Order, to the extent such action is necessary.

4. If the Government elects to resolve by settlement the outstanding Petition (Doc. 294-1) by James R. Fatland for the Property or if Mr. Fatland is successful in the ancillary hearing and the Consent Order and Judgment of Forfeiture filed herein on February 16, 2011 is modified to recognize his interest, and if foreclosure proceedings are authorized by law, Petitioner agrees not to initiate foreclosure proceedings against the Property on or before the sixtieth day after the date that the Court adjudicates the ancillary proceeding for that property so as to allow Mr. Fatland the opportunity to

3

ensure that all obligations related to the Property are current or to make other arrangements with Petitioner regarding the Property. However, other than as set forth in this paragraph, Petitioner does not waive any right that Petitioner may have against Mr. Fatland, including, but not limited to acceleration, foreclosure, and enforcement under the note.

5. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

6. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

IT IS THEREFORE ORDERED THAT:

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. 853(n)(6), any party in this action–be that party the Government or another petitioner–that prevails to assert an

interest recognized in a final order of forfeiture on the Property shall hold such interest subject to any and all secured interest identified herein by the parties.

2. The Government and Petitioner shall bear their own costs, including attorney fees.

Signed this 30 day of January, 2013.

_____
MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____ Dated: December 10, 2012
Benjamin Bain-Creed
Assistant United States Attorney

_Laura W. Clark_____ Dated: 12/5/12
Laura W. Clark (Name)
Vice President (Title)
Officer of Petitioner Macon Bank

_____ Dated: 12/3/12
Mark A. Pinkston, Esq.
Attorney for Petitioner

5