UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

DOCKET NO. 1:11CR10-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>         Plaintiff, )<br>  )<br>v. )<br>  )<br>JAMES W. BAILEY, JR., )<br>         Defendant. )<br>_____ )<br>PETITION OF FIRST BANK. ) | **CONSENT ORDER FOR**<br>**THIRD PARTY PETITION** |

THIS MATTER is before the Court by consent of the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina and Petitioner, First Bank, successor to Bank of Asheville, through counsel, pursuant to Fed. R. Crim. P. 32.2(c). The Government and Petitioner have agreed to the terms of this Consent Order for Third Party Petition as a final adjudication and settlement of all matters between Petitioner and the Government with regard to the following property identified in the Consent Order and Judgment of Forfeiture (Doc. 16) (referred to herein as "the Subject Property"):

> The real property at 56 Central Avenue, Asheville, North Carolina, as more particularly described in Deed Book 1995, Page 67, Deed Book 2455, Page 563, and Deed Book 2455, Page 565 in the Buncombe County Register of Deeds.

NPGBO1:1714877.2

The Government and Petitioner advise the Court that they have engaged in discussions about the Subject Property for the purpose of determining whether Petitioner satisfies 21 U.S.C. § 853(n)(6). Pursuant to such discussions, the parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Petitioner has provided evidence and documentation, including statements under penalty of perjury, documentary evidence on the record, and documents provided to the Government, that Petitioner has satisfied Section 853(n)(6) as to the Subject Property. Specifically, Bank of Asheville, predecessor to First Bank, held a deed of trust that secured a loan used to purchase the Subject Property. As of the date of this Consent Order, that loan remains unsatisfied and approximately $670,000 in secured principal and interest, not including an estimated tens of thousands of dollars in secured fees and expenses, remains outstanding and owed on the loan.

2. Pursuant to a previously executed letter agreement with the Government, Petitioner has foreclosed, in Buncombe County Court, upon the Subject Property and begun to market the Subject Property via a realtor. Pursuant to the letter agreement, Petitioner is obliged to obtain Government approval of any

contract of sale and, in the event of a sale, Petitioner is obliged to turn over to the Government and consent to the forfeiture of any net sale proceeds in excess of secured principal, secured interest at the contractual (not default) rate, and secured costs and expenses of the foreclosure sale. However, to date, based on limited low offers to purchase the property and a recent appraisal, the parties believe that the prospect of obtaining enough proceeds to pay Petitioner and the Government is low. The parties now desire to set forth any and all agreements between the parties in this proposed Consent Order for Third Party Petition, which, upon issuance, will supersede and replace the letter agreement.

3. Petitioner agrees to continue to market the Subject Property with a realtor for a period at least up to and including the ninetieth day after issuance of a Judgment in a Criminal Case in this matter. Petitioner agrees to, for a period up to and including the ninetieth day after issuance of a Judgment in a Criminal Case in this matter, provide the Government with copies of any and all offers to purchase the Subject Property and provide the Government with a right to refuse to consent to any and all sales that are on terms disagreeable to the Government, in the Government's sole discretion. In the event that a contract for sale is not agreed upon by Petitioner, the Government, and any buyer on or before the ninetieth day after issuance of a Judgment in a Criminal Case, Petitioner, in Petitioner's sole

NPGBO1:1714877.2

discretion, may continue to market the Subject Property via a realtor, may otherwise dispose of the Subject Property as Petitioner sees fit, and may, in its sole discretion, agree to or decline any offer, regardless of purchase price.

4. In any case, regardless of whether the Subject Property is sold on or before the ninetieth day after issuance of a Judgment in a Criminal Case or sold at a later date, Petitioner shall be entitled to recover from the gross sale proceeds the principal amount owed on the loan referred to in its Petition, secured interest at the contractual (not default) rate, secured costs and expenses of the foreclosure, and ad valorem taxes, North Carolina excise taxes, and the real estate broker's fee, in full satisfaction of all claims in the Petition. If any offer to purchase the Subject Property is made within the ninety days after issuance of a Judgment in a Criminal case and the Government agrees to such offer, Petitioner shall consent to the offer in the event that the offer and sale that would result in payment of the principal amount owed on the loan referred to in its Petition, secured interest at the contractual (not default) rate, and secured costs and expenses of the foreclosure.

5. In any event, regardless of the date of the sale of the Subject Property, any sale proceeds amount (hereafter, "net proceeds") in excess of the principal amount owed on the loan referred to in the Petition, secured interest at the contractual (not default) rate, secured costs and expenses of the foreclosure, and

NPGBO1:1714877.2

ad valorem taxes, North Carolina excise taxes, and the real estate broker's fee shall promptly be turned over, as directed by the Government, to the Government for forfeiture herein or to the Court for payment of restitution.

6. Petitioner understands and agrees that the Government reserves the right to terminate the forfeiture action at any time.

7. The Government and Petitioner waive any rights to further litigate between each other as to the Subject Property.

8. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the Petition of First Bank (Doc. 74) and the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. 853(n)(6), the Petition is granted and the final order of forfeiture in this action shall recognize the interest of Petitioner set forth herein.

2. Petitioner shall market the Subject Property via a realtor as set forth herein and the Government shall retain the right to approve or refuse to approve of any contract for sale for a period up to and including the ninetieth day after issuance of a Judgment in a Criminal Case.

3. Upon sale of the Subject Property, Petitioner shall be entitled to retain

NPGBO1:1714877.2

sale proceeds as set forth herein in paragraph four and shall turn over, as directed by the Government, any net sale proceeds.

4. The Government and Petitioner shall bear their own costs, including attorney fees.

Signed this 12 day of February, 2013.

MARTIN K. REIDINGER
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

Dated: Feb. 12, 2013

Benjamin Bain-Creed
Assistant United States Attorney

Dated: FEB 7 2013

Jerry M. Kihlaw
Senior Vice President
First Bank

Dated: 2-8-2013

M. Jay DeVaney, Esq.
Attorney for Petitioner

NPGBO1:1714877.2