THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00010-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JAMES W. "BILL" BAILEY, JR., )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 379] and the Motion for Summary Judgment filed by Petitioner James E. Dallas [Doc. 446] regarding the forfeiture of the membership interest in AT 113, LLC.

## I.   PROCEDURAL BACKGROUND

On February 1, 2011, the Defendant James W. "Bill" Bailey was charged in a Bill of Information with filing false tax returns, in violation of 26 U.S.C. § 7206(l); committing mail fraud, in violation of 18 U.S.C. § 1341; and committing securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2.  [Doc. 1].  The Bill of Information

contained a Notice of Forfeiture, which stated the Government's intent to pursue the forfeiture of the Defendant's interest in various properties pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). [Id.].

The Defendant entered a plea of guilty to the Bill of Information on February 16, 2011. [Doc. 15]. Following the Defendant's guilty plea, the Government and the Defendant presented the Court with a proposed Consent Order and Judgment of Forfeiture ("Consent Order"), pursuant to which the Defendant agreed to forfeit, among other things, his interest in the properties identified in the Notice of Forfeiture in the Bill of Information, including:

> Any and all interest in any LLCs, including LLCs in the name of Southern Financial Services clients, established by Defendant and/or Southern Financial Services for the purpose of managing and/or purchasing assets, and any and all assets titled in the name of LLCs established by Defendant and/or Southern Financial Services for the purpose of managing and/or purchasing assets. . . .

[Doc. 16 at 3-4]. The Consent Order was entered on February 16, 2011.

On April 1, 2011, the Petitioner James E. Dallas ("Dallas") filed his Petition, challenging the forfeiture of the membership interest in AT 113, LLC, an exchange accommodation titleholder (E.A.T.) established and managed by the Defendant for the purpose of holding title for improvements made to certain property in the course of a 1031 exchange.

In his Petition, Dallas specifically moved for an order (1) determining that the membership interest in AT 113, LLC is not subject to forfeiture to the Government under the terms of the Consent Order; (2) authorizing the Defendant and 1031 Exchange Services, LLC to transfer the membership interest in AT 113, LLC to the Petitioner; and (3) alternatively, determining that the interest of the Petitioner in AT 113, LLC is superior to that of the Defendant and 1031 Exchange Services, LLC. [Doc. 114].

On June 2, 2011, the Government moved to amend the Consent Order in order to remove any language forfeiting any interest in the limited liability companies created by the Defendant and/or Southern Financial. [Doc. 206]. Accordingly, on June 10, 2011, the Court entered an Order granting the Government's Motion and deleting reference to "[a]ny and all interest in any LLCs" from the Consent Order. [Doc. 229].

Thereafter, the parties filed their motions, seeking adjudication of Dallas's Petition. [Docs. 379, 446].

## II. ANALYSIS

In his Petition, Dallas challenges the forfeiture of the membership interest of AT 113, LLC. As noted above, the Government has withdrawn its request for forfeiture as to any membership interests in any LLCs created by the Defendant. Because the membership interest in the AT

3

113, LLC is no longer subject to the Consent Order, Dallas's Petition has been rendered moot.

To the extent that Dallas seeks adjudication of his interest in the real property acquired by AT 113, LLC[1], the Government has conceded on multiple occasions that this real property is not currently identified in the Consent Order. [See Docs. 281 at 8 n.11; 379 at 2 n.1; 477 at 1]. The Court is not aware of any authority whereby it can adjudicate in an ancillary forfeiture proceeding a petitioner's interest in property which is not identified in the preliminary order of forfeiture.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Motion for Summary Judgment filed by Petitioner James E. Dallas [Doc. 446] is **DENIED**; the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 379] is **GRANTED**; and the Petitioner's Petition [Doc. 114] is **DENIED AS MOOT**.

---

[1] While his interest in the real property is not specifically mentioned in his Petition, Dallas argues in his Motion for Summary Judgment that "[his] interest in the real property . . . is superior to that of the Government" and therefore the real property "should be . . . removed and released from the Notice of Forfeiture and Consent Order and Judgment of Forfeiture." [Doc. 446 at 1]. The Petitioner makes no argument, either in his Petition or in the Motion for Summary Judgment, for the return of any funds held by 1031 Exchange Services, LLC on behalf of AT 113, LLC. [See Docs. 114, 447].

**IT IS SO ORDERED.**

Signed: February 25, 2013

Martin Reidinger
United States District Judge