THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00010-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JAMES W. "BILL" BAILEY, JR. | ) | |

**THIS MATTER** is before the Court on the Motion to File under Seal filed by Petitioners David E. Gable, Brian T. McSharry, Douglas W. Morris, Lorri K. Morris, Brian D. Gardze, Carlton Lee Matthews, Sidney S. Locke, Stephen M. Todd, Michael J. Mikina, Wendy Hammond, Daniel F. Russian, Bruce H. Keel, Gregory M. McCarthy, Mark A. Brezenski, and Timothy Batson, collectively known as "the Sage Petitioners." [Doc. 685].

The Sage Petitioners request leave to file certain sensitive financial information under seal. [Doc. 685]. The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome

if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Petitioners' motion. The Petitioners filed their motion on May 30, 2013, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Petitioners have demonstrated that the documents at issue contain sensitive personal financial information, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of the Petitioners' private financial information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the Petitioners' privacy interests.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Sage Petitioners' Motion to File under Seal [Doc. 685] is **ALLOWED**.

**IT IS SO ORDERED**. Signed: June 10, 2013

Martin Reidinger
United States District Judge