# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:11-cr-00010-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMES W. BAILEY, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Second Motion for Order Modifying Protective Order [Doc. 742].

The Government moves for the entry of an Order further modifying the protective order previously entered in this case. Specifically, the Government requests modification of the protective order so that the Government may comply with a request by private litigants in a state court case to review documents in the Government's possession that were obtained from Defendant Bailey.

Having reviewed the motion and the record, the Court makes the following findings and grants the motion.

**I.   Findings**

1.   As a result of earlier investigations that led to the prosecution of this case, the United States Attorney's Office for the Western District of North Carolina currently has custody of about ten banker's boxes of documents that were seized from the offices of Defendant James Bailey. The documents pertain to the business and/or financial matters of Defendant Bailey and entities controlled by him such as Southern Financial Services. These boxes do not include individual client files.

2.   By virtue of his plea agreements [Docs. 3 and 556 at ¶ 8] and a consent order of forfeiture [Doc. 16 at ¶ 1(V)], Defendant Bailey has forfeited to the United States or has otherwise abandoned the documents seized from him and his related entities. [See also Order, Doc. 558-3 (noting abandonment of the files by Defendant Bailey)].

3.   During the course of the criminal case, there were numerous proceedings by victims of Defendant Bailey to recover assets that the Government had initially seized for forfeiture. As part of those proceedings, on June 10, 2011, this Court entered a protective order [Doc. 228], without prejudice to the right of any party to apply for modification of that order. [Id. at ¶ 10]. The breadth of that order indicates that it did not apply solely to discovery exchanged between the parties in the forfeiture actions, but

applied to all financial records connected to Defendant Bailey's case. [Id. at ¶ 9].

4. In 2011, two victims of Defendant Bailey's criminal conduct filed suit in the Superior Court for Buncombe County, North Carolina in that action styled as <u>David Bottom and Krystal Dawn Sanchez Bottom v. James W. Bailey, Jr., 1031 Exchange Services, LLC, Home Trust Bank, and Morgan Stanley Smith Barney</u>, 11-CVS-824 ("<u>Bottom</u> state court action"), seeking damages based on claims related to Defendant Bailey's criminal conduct. Counsel for the plaintiffs in that case has recently made a formal request under the U.S. Department of Justice Touhy regulations, 28 C.F.R. § 16.21 <u>et seq.</u>, for the Government to allow counsel to review and copy documents seized from Defendant Bailey and 1031 Exchange Services, LLC. Counsel for those plaintiffs has also informed the Government that a protective order and confidentiality agreement has been entered in that state court case.

5. Having evaluated the request under the Touhy regulations, particularly 28 C.F.R. § 16.26, the Government determined that it should allow the request for those documents pertaining to Defendant Bailey, 1031 Exchange Services, LLC and related entities, and the individual client files for the two plaintiffs in the <u>Bottom</u> state court action (David Bottom and

Krystal Dawn Sanchez Bottom), but not any records regarding any other individual clients of Defendant Bailey and his entities.

6. Because of the protective order in the federal case, the United States seeks a modification of that order so that it may provide access to these Bailey documents to all counsel of record in the <u>Bottom</u> state court action.

7. By Order entered November 26, 2014 [Doc. 739] in this case, this Court provided similar relief with regard to litigants in a separate state court case, <u>Leslie A. Whittington, et al v. Morgan Stanley Smith Barney, et al.</u>, 12-CVS-01206, Superior Court for Buncombe County, NC.

Accordingly, having reviewed the motion and the record, **IT IS, THEREFORE, ORDERED** that the prior protective order entered in this case on June 10, 2011, [Doc. 228] is hereby further **MODIFIED** to permit the United States Department of Justice, under its relevant Touhy regulations, to grant access to all counsel in the <u>Bottom</u> state court action, to review and copy at their own expense, certain documents seized from Defendant Bailey's office. Such documents shall not include ***individual client*** files of Defendant Bailey and/or Southern Financial Services that are not parties in the state court action.

**IT IS FURTHER ORDERED** that any documents so reviewed or copied by counsel in the <u>Bottom</u> state court action shall be used solely for that case and shall be subject to any applicable state court protective order, confidentiality agreement, or other applicable rules or orders of the state court.

**IT IS SO ORDERED.**

Signed: December 23, 2014

Martin Reidinger
United States District Judge