# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00310-MR
# [CRIMINAL CASE NO. 1:11-cr-00010-MR-DLH]

| | |
|---|---|
| JAMES W. BAILEY, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1].

## I.   PROCEDURAL BACKGROUND

On February 1, 2011, the Petitioner James W. Bailey, Jr. was charged in a Bill of Information with filing false tax returns, in violation of 26 U.S.C. § 7206(l) (Count One); committing mail fraud, in violation of 18 U.S.C. § 1341 (Count Two); and committing securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2 (Count Three). [Criminal Case No. 1:11-cr-00010-MR-DLH ("CR"), Doc. 1].  On February 16,

2011, the Petitioner pleaded guilty to the Bill of Information pursuant to a written plea agreement. [CR Doc. 3].[1]

In June 2012, the parties presented the Court with a corrected plea agreement, which modified paragraph 6(c) to read as follows: "The parties agree that either party may seek a departure or variance from the 'applicable guideline range' (U.S.S.G. § 5C1.1)." [Doc. 556 at 2].[2] On June 28, 2012, the parties appeared by the Magistrate Judge for a hearing on the corrected plea agreement. Out of an abundance of caution, the Magistrate Judge conducted a second hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, during which the Petitioner confirmed under oath that the corrected plea agreement accurately reflected the original plea bargain negotiated by the parties. [CR Doc. 564 at 32].

---

[1] Following the entry of Petitioner's guilty plea, the parties presented a proposed preliminary order of forfeiture, pursuant to which the Defendant agreed to forfeit, among other things, his interest in over fifty properties titled in the name of LLCs established by the Petitioner on behalf of his investment clients. [Doc. 16]. Numerous ancillary petitions were subsequently filed, which were extensively litigated over the next several years. The Court has recounted a complete history of these criminal forfeiture proceedings in various Orders entered in the Petitioner's criminal case [see, e.g., Docs. 164, 305, 306, 598, 745], and this procedural history therefore will not be recounted here.

[2] The original version of paragraph 6(c) provided that the parties would not recommend any other enhancements or reductions to adjusted offense level. The corrected plea agreement states that the parties did not intend to limit the Guideline calculation in that manner, and thus, the corrected plea agreement was filed "in order to accurately reflect the intent of the parties." [CR Doc. 556 at 2 n.1].

On February 27, 2013, this Court sentenced the Petitioner to a term of 240 months' imprisonment on Count One; a term of 240 months' imprisonment on Count Two, with the first 96 months to be served concurrently and the remaining 144 months to be served consecutively to the term on Count One; and a term of 36 months' imprisonment on Count Three, to be served concurrently with Counts One and Two, for a term total term of 384 months' imprisonment. [CR Doc. 609 at 2]. The Court subsequently entered an Amended Judgment ordering the Petitioner to pay over $15 million in restitution to his victims. [CR Doc. 634: Amended Judgment].

The Petitioner appealed to the Fourth Circuit Court of Appeals. On appeal, the Petitioner argued that the Court erred in accepting the corrected plea agreement because the agreement's new provisions were not supported by independent consideration. The Court of Appeals rejected the Petitioner's argument and affirmed the Amended Judgment, noting that at the second Rule 11 hearing the Petitioner "personally confirmed that the corrected plea agreement accurately reflected the intent of the parties at the time that the original plea was entered." United States v. Bailey, 549 F. App'x 171, 172 (4th Cir. 2013) (per curiam). The Petitioner did not file a petition for writ of certiorari.

On December 8, 2014, the Petitioner filed the present motion to vacate pursuant to 28 U.S.C. § 2255. [Doc. 1]. In his motion, the Petitioner asserts that counsel was ineffective "for allowing the Government to amend the plea agreement in its favor" and in "failing to object to the sentence imposed by the Court and its consecutive adjustment upward." [Id. at 4].[3]

## III. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Having considered the entire record in this matter, the Court concludes that Petitioner is not entitled to relief and that this matter can be resolved without an evidentiary hearing. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel

---

[3] Although the Petitioner states in his cover letter that "a supporting facts attachment will follow this motion" [Doc. 1 at 7], the Petitioner never filed a memorandum in support of his motion.

4

for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

The Petitioner first contends that counsel was ineffective in "allowing the Government to amend the plea agreement in its favor." [Doc. 1 at 4]. The Petitioner, however, suffered no prejudice from the amendment of the

plea agreement. As admitted by the Petitioner under oath at his second Rule 11 hearing, the plea agreement was corrected in order to more accurately reflect the original agreement of the parties. While the corrected plea agreement allowed for either party to seek a departure or variance from the Guidelines range recommended in the PSR, the Government did not seek an upward departure or variance. Instead, the Government requested only that the Petitioner be sentenced near the top of the recommended Guidelines range. [See CR Doc. 629 at 53]. The Petitioner's counsel, on the other hand, took advantage of the amended provision in the plea agreement and argued at sentencing for a downward variance. [See CR Doc. 629 at 44].

As was thoroughly explained to the Petitioner during the course of his second Rule 11 hearing, the Court was not bound by any recommendation of the parties and was free to impose a sentence outside of the Guidelines range. Here, the Court did exactly that, after considering the § 3553(a) factors and concluding that a Guidelines range sentence was not sufficient to address the seriousness of the Petitioner's offense. For these reasons, the Petitioner suffered no prejudice as a result of the corrected plea agreement. Accordingly, the Petitioner's first claim of ineffective assistance is without merit and will be dismissed.

Next, the Petitioner contends that counsel was ineffective in "failing to object to the sentence imposed by the Court and its consecutive adjustment upward." [Doc. 1 at 4]. This claim, too, is meritless. As noted by the Court at sentencing, the Petitioner faced a statutory maximum term of imprisonment of 240 months on both Counts One and Two, and a 36-month maximum term of imprisonment on Count Three. The Petitioner's Guidelines range was calculated to be between 210 and 262 months. This calculation, however, would have been higher (292 to 365 months) had the Government objected to the probation officer's recommendation of a three-level reduction for acceptance of responsibility. As the Court correctly noted at sentencing, such objection would have been sustained in light of the fact that the Petitioner had violated the conditions of his pretrial release. See United States v. Scott, 302 F. App'x 185 (4th Cir. 2008) (holding that court may deny adjustment for acceptance of responsibility due to violations of pretrial release conditions).

In calculating the Petitioner's sentence, the Court properly began with calculating the total punishment on each count of conviction. See U.S.S.G. § 5G1.2(b). Upon concluding that the total punishment was in excess of the sentence imposed on Count One, the Court then ran a portion of Count Two consecutively, but only to the extent necessary to produce a combined

7

sentence equal to the total punishment of 384 months. See U.S.S.G. § 5G1.2(d). The Court then presented a detailed analysis on the record as to why a sentence of 384 months was sufficient but not greater than necessary to comply with the purposes set forth in the § 3553(a) factors. [See CR Doc. 629 at 59-67]. The sentence imposed by the Court was not unreasonable, and thus, the Petitioner suffered no prejudice as a result of counsel's failure to object or appeal the sentence imposed. The Petitioner's second ineffective assistance claim, therefore, is also dismissed.

**V. CONCLUSION**

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of

appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge