**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00010-MR**

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| v. | ) |
| | ) |
| JAMES W. BAILEY, JR., | ) |
|     Defendant | ) |
| | ) |
| | ) |
| IN RE: | ) |
| EAJA PETITIONS | ) |
| | ) |

_____

**ORDER**
_____

**THIS MATTER** is before the Court on the motion of certain Petitioners to allow the payment of EAJA Awards into attorney trust accounts [Doc. 783].

These Petitioners request, with the consent of the Government, that the Court enter an Order assisting in the administration of the award pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") made by this Court on June 16, 2015 [Doc. 778 ("the EAJA Order")]. For the reasons stated in the Petitioners' motion, and for good cause shown, the Court will grant the motion.

**IT IS, THEREFORE, ORDERED** that the EAJA Order [Doc. 778] is hereby **AMENDED** to provide that the Government shall pay the following amounts to the following recipient law firms[1]:

1. $161,634.48 to Nexsen Pruett. As identified on the docket in this matter, Nexsen Pruett represented Petitioners identified generally as the Sage Petitioners in this matter, all such Petitioners more specifically identified in the EAJA Order;

2. $224,696.16 to Dungan, Kilbourne & Stahl, P.A. As identified on the docket in this matter, The Dungan Firm represented Petitioners James and Marilyn Carter, William and Penny Peacock, and related entities; Peter L. Contrastano and related entities; Beverly and Russell Daggett and related entities; William R. Ghormley and related entities; Victor D. Howard and related entities; Joan T. Johnstone and related entities; James H. Lucas and related entities; John C. Myers and related entities; Becky and Keith Pope and related entities; Kenneth L. Talley and related entities; Robert E. Tuck and related entities; and Glenn A.

---

[1] The Court has allowed attorney Kilbourne to withdraw from representation of Mr. Mehaffey and related entities and Mr. Mehaffey has not authorized Mr. Kilbourne or Dungan, Kilbourne & Stahl, P.A. to act on his behalf. Accordingly, the Government intends to address the payment to Mr. Mehaffey and related entities directly in correspondence with Mr. Mehaffey or, if necessary, in a motion before this Court on clarification of payment to the joint and several unrepresented beneficiaries.

Warren and related entities, all such Petitioners more specifically identified in the EAJA Order;

3. $14,282.39 to the Van Winkle Law Firm. The Van Winkle Law Firm represented Petitioner James F. Combest and related entities, all such Petitioners more specifically identified in the EAJA Order;

4. $20,797.54 to Stone & Christy, P.A. Stone & Christy represented Petitioner James R. Eddy and related entities; and Petitioner Harold K. Ledford and related entities, all such Petitioners more specifically identified in the EAJA Order;

5. $37,862.39 to Ward and Smith, P.A. Ward and Smith represented Petitioners Jeffrey Efird and Melissa Efird in this matter;

6. $73,190.11 to McGuire, Wood & Bissette, P.A. McGuire, Wood & Bissette represented Petitioner David McCartney and related entities; and Petitioner Terry Sloan and related entities, all such Petitioners more specifically identified in the EAJA Order;

7. $14,796.70 to Burt Langley, P.C. Burt Langley represented Petitioner Paul Miller and related entity, all such Petitioners more specifically identified in the EAJA Order;

8. $18,464.26 to The Law Offices of J. Calvin Cunningham. Mr. Cunningham represented Petitioner William Stephen Aldridge, III;

9. $4,906.26 to Adams, Hendon, Carson, Crow, & Saenger, P.A. George Saenger represented Petitioner James Fatland; and

10. $15,804.67 to Westall, Gray, & Connolly, PA. Ms. Westall represented Petitioner Terry Price.

**IT IS FURTHER ORDERED** that all payments made pursuant to this order shall be sent to the law firms identified herein as directed by those firms. Once the recipient law firms are in receipt of the payments, the law firms shall pay the amounts directly to the Petitioners or allocate the amounts towards Petitioners' debts with the firms as appropriate under the agreements with and direction of the clients, prior orders of this Court, law, and applicable State Bar rules.

**IT IS SO ORDERED.**   Signed: October 9, 2015

Martin Reidinger
United States District Judge