THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:11-cr-00010-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMES W. "BILL" BAILEY, JR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 800] and the Defendant's Motion to Appoint Counsel Pursuant to 18 U.S.C. § 3006A [Doc. 801].

**I.    BACKGROUND**

In February 2013, the Defendant James W. Bailey, Jr., was convicted of securities fraud, mail fraud, and filing false tax returns and was sentenced to a total of 384 months' imprisonment. [Doc. 609].

The Defendant has now served approximately seven and a half years of that sentence. According to the Bureau of Prisons website, his projected

release date is January 19, 2040.[1]  The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  [Doc. 800]. Specifically, the Defendant argues that his age and underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served.  [Id.]. He further moves for the appointment of counsel to assist him in seeking this post-conviction relief.

## II.  DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of FCI Edgefield, but that

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 8, 2020).

the warden failed to respond within thirty (30) days of his request. [Doc. 800 at 1-2]. As the Defendant appears to have exhausted his administrative remedies, the Court will proceed to address the merits of his motion.[2]

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[3] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a)

---

[2] The Court notes that although the Defendant asserts that he attached his written request as Exhibit A to his motion [Doc. 800 at 2], no such exhibit is attached. Nevertheless, the Court will proceed to address the merits of the Defendant's motion.

[3] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant asserts that his age and his underlying health conditions place him at a higher risk for severe illness resulting from COVID-19. Specifically, the Defendant asserts that he is 72 years old and suffers

5

from high blood pressure, high cholesterol, and atrial fibrillation. [Doc. 800 at 3].

The medical conditions identified by the Defendant, however, do not constitute an extraordinary and compelling reason to reduce the Defendant's sentence. While the Court does not intend to diminish the seriousness of the Defendant's medical conditions, the Defendant has failed to establish that these conditions are not well-controlled by his current medical treatment. Further, the Defendant has not shown that any of these conditions are terminal or substantially diminish his ability to provide self-care while in prison. The only factor that appears to distinguish the Defendant from other BOP inmates with regard to COVID-19 susceptibility is that he is 72 years old. However, the Defendant's age, standing alone, is not an extraordinary and compelling reason to reduce his sentence. As the application note to § 1B1.13 explains, a defendant's age may justify a reduction in sentence if the defendant is at least 65 years of age, has served 10 years or 75 percent of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process. U.S.S.G. 1B1.13, cmt. n.1(B). The Defendant meets only one of these criteria. He has not served 10 years or 75 percent of his sentence, and he has failed to show that he is

experiencing a serious deterioration in his physical or mental health due to age. Accordingly, the Defendant's age does not constitute an extraordinary and compelling reason to justify his release.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[4] This is especially true where, as here, the Defendant is housed at a facility that to date has no confirmed cases among its inmate population.[5]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

---

[4] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[5] See https://www.bop.gov/coronavirus (last visited July 9, 2020) (noting 9 positive cases among Edgefield staff).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant engaged in a decade-long Ponzi scheme to defraud investors of millions of dollars. In so doing, the Defendant wiped out many of his clients' life savings, leaving them destitute. Considering the circumstances, the Court concludes that a reduction of the Defendant's sentence to time served would not reflect the seriousness of the Defendant's offense, would not promote respect for the law, would not provide just punishment, would not afford adequate deterrence, and would not protect the public from the Defendant's further crimes.

For all these reasons, the Defendant's motion for a sentence reduction is denied.

The Defendant further moves for the appointment of counsel to assist him in seeking post-conviction relief. This request must be denied. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 800] and the Defendant's Motion to Appoint Counsel Pursuant to 18 U.S.C. § 3006A [Doc. 801] are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 9, 2020

Martin Reidinger
Chief United States District Judge